IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 24-CR-137 |
| | : | |
| NOEL VELASQUEZ-BASURTO | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Noel Velasquez-Basurto submits this sentencing memorandum to aid the Court in determining a sentence that is sufficient, but not greater than necessary, to meet the statutory goals pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005). In this case, the sentencing guideline range is 0 to 6 months. The defense submits that a sentence of time served is justified, considering that Mr. Velasquez-Basurto pleaded guilty, accepted responsibility, waived all constitutional trial rights, served approximately four and a half months in federal custody, and will be deported upon his release from custody.

**I.     Factual and Procedural History**

On February 19, 2025, Noel Velasquez-Basurto was arrested by Immigration and Customs Enforcement (ICE) in Conshohocken, Pennsylvania. He has remained in continuous federal custody since that date. On March 6, 2025, he was formally arrested on a warrant for the instant case. On March 11, 2025, he appeared before a U.S. Magistrate Judge and stipulated to pretrial detention. On April 3, 2025, a grand jury returned a one-count indictment charging him with illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). On May 13, 2025, Mr. Velasquez-Basurto entered into a plea agreement, and he is scheduled for a change of plea hearing and

sentencing on July 8, 2025. He is subject to an ICE detainer and will be deported upon release.

## II.     The Sentencing Guidelines

The U.S. Probation Office correctly calculated the Guidelines in the Presentence Investigation Report (PSR). Under U.S.S.G. § 2L1.2, the base offense level is 8. Mr. Velasquez-Basurto qualifies for a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and an additional two-level reduction as a Zero-Point Offender under U.S.S.G. § 4C1.1(a)(1)-(10), resulting in a total offense level of 4. With a criminal history category of I, the resulting advisory guideline range is 0 to 6 months. months.

## III.    Mr. Velasquez-Basurto's Personal History and Background

Mr. Velasquez-Basurto was born in Tlapa, Guerrero, Mexico. He was raised in poverty by both parents. His father was a subsistence farmer. He has five siblings, all of whom still reside in Guerrero. For the past ten years, he has been in a committed relationship with his partner, with whom he shares two young children, ages 8 and 9. Prior to his arrest, he worked in construction. He lived in Norristown, Pennsylvania, renting a modest apartment and sending regular financial support to his family in Mexico. He has no prior felony convictions, no substance abuse or mental health history, and no disciplinary infractions while in custody.

Like many in his situation, Mr. Velasquez-Basurto came to the United States seeking economic stability and the opportunity to provide for his loved ones. He ultimately settled in Norristown, Pennsylvania, and found steady employment as a day laborer in the construction industry. He worked diligently and sent money back to support his family in Mexico. These remittances, while modest, provided crucial assistance to his family in a country with far fewer economic opportunities. During his incarceration, the remittances have ceased and Mr. Velasquez-Basurto has been unable to provide necessary support for his children and his family.

Mr. Velasquez-Basurto has no history of violence. He has not incurred any infractions during his current detention. Upon his expected deportation, he intends to return to Mexico to live with his entire family and rebuild his life there. He is determined to remain in his home country and never again attempt reentry into the United States.

IV.     **Application of the 18 U.S.C. § 3553(a) Factors**

In determining an appropriate sentence, the Court must take the recommended Guideline range into account but must follow the overriding principle and basic mandate of § 3553(a) to impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing set forth in Section 3553(a)(2). Here, a guideline sentence of time-served is warranted.

While the seriousness of Mr. Velasquez-Basurto's criminal conduct and the crime of illegal reentry after deportation cannot - and should not - be overlooked, it is a non-violent offense and his motive for committing this crime was deeply intertwined with complicated social and economic considerations. Mr. Velasquez-Basurto came to the United States to work hard and help his family escape hardship and poverty in Mexico. While here, he learned a trade, worked hard, and sent money home. Other than the instant offense, he has lived a law-abiding life and had no criminal convictions or arrests since he returned to the United States. A guideline sentence of time-served in this instance, which represents more than half of the advisory guideline range, is sufficient but not greater than necessary to serve the goals of sentencing.

Understandably, both the government and this Court are likely concerned about deterring him from ever returning to the United States without permission, particularly in light of the fact that he has already returned to the United States after having been previously removed. A time-served sentence, which now represents approximately 4.5 months of incarceration, has been sufficient to deter Mr. Velasquez-Basurto from ever returning unlawfully to the United States. His

incarceration at the Federal Detention Center has been long and harrowing, and Mr. Velasquez-Basurto has no desire to risk future incarceration. Furthermore, his isolation from his family and the inability to provide for them has affected him greatly and he regrets his actions and the difficulty he has visited upon them.

Mr. Velasquez-Basurto is well-aware that should he return to the United States, he would face another prosecution for violating 8 U.S.C. § 1326, and that he would be facing a much greater guideline sentencing range. The instant conviction would increase his future offense level by four levels under U.S.S.G. § 2L1.2 (b)(1)(A), and would add three criminal history points, increasing his criminal history category from I to III, resulting in a guideline range of 15 to 21 months. The prospect of facing a sentence in that range is a significant additional deterrent and is more than sufficient to ensure that he will never again unlawfully reenter the United States.

A guideline sentence of time served is further warranted to account for Mr. Velasquez-Basurto's waiver of the constitutional rights afforded to defendants at a jury trial. Had Mr. Velasquez-Basurto exercised his constitutional right to a jury trial, the government would have had to call multiple witnesses, including officials from the Bureau of Immigration and Customs Enforcement, deportation agents, individuals to authenticate records, and a fingerprint expert. Mr. Velasquez-Basurto waived his constitutional rights to a jury trial, saving the government and this Court extensive time and resources. A sentence of time-served will account for this waiver of rights and consideration of judicial resources.

A time-served sentence in this instance is sufficient to promote respect for the law and protect the community from future crimes by him, as Mr. Velasquez-Basurto will be deported upon completion of his sentence. There are no medical or educational considerations for this Court to consider when fashioning an appropriate sentence, as the presence of an immigration detainer

limits access to programs available to similarly situated United States citizens, including literary and English as a Second Language programs. Mr. Velasquez-Basurto would almost certainly only be permitted to participate in educational and occupational programs after all eligible United States citizen inmates are enrolled. 28 C.F.R. § 544.51(b) ("Generally, inmates under orders of deportation, exclusion, or removal may participate in an institution's occupational education program if Bureau resources permit after meeting the needs of other eligible inmates"); 28 C.F.R. § 544.41(a)(3).

Mr. Velasquez-Basurto has been in continuous custody since February 19, 2025. He has no disciplinary infractions. He understands and accepts his inevitable deportation to Mexico and looks forward to returning home to be with his common law wife, his children, and his entire extended family. His incarceration over these past several months has impressed upon him the seriousness of his conduct and has been sufficient to ensure that he will never return unlawfully again.

## V.     Conclusion

For all the reasons cited herein, as well as any which become apparent to the Court at the sentencing hearing, Mr. Velasquez-Basurto respectfully requests this Court impose a sentence of time served.

                                                     Respectfully submitted,

                                                     */s/ Timothy A. Wright*
                                                     TIMOTHY A. WRIGHT
                                                     Assistant Federal Defender

**CERTIFICATE OF SERVICE**

      I, Timothy A. Wright, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have caused a copy of the Defendant's Sentencing Memorandum to be filed and served electronically through the Eastern District Clerk's Office Electronic Case Filing System ("ECF") upon Lindsey Mills, Assistant United States Attorney, United States Attorney's Office, 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

                                            */s/ Timothy A. Wright*
                                            TIMOTHY A. WRIGHT
                                            Assistant Federal Defender

DATE:  June 30, 2025